THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-188-1-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARCUS ANTONIO McNEILL, | ) | |
| Defendant. | ) | |

By order of December 13, 2011 [DE-65], the undersigned denied Marcus Antonio McNeill's ("McNeill") motion [DE-64] requesting that the court equitably toll the one-year statute of limitations applicable to his § 2255 motion. He explained that, relying on the advice of his jailhouse lawyer, he filed his § 2255 motion in the district of his incarceration, in Terre Haute, Indiana. That advice, of course, was incorrect. A § 2255 motion must be filed in the sentencing court. According to McNeill, the misdirected § 2255 motion was timely submitted to prison authorities for mailing within the one-year limitations period. After realizing the error about six months later, McNeill attempted to re-file the petition in this court, but the limitations period had expired. The December 13, 2011, order denying McNeill's motion to toll the one-year limitations period under these circumstances was filed after this court's careful consideration of McNeill's motion and attached documentation, as well as the record herein. The court also denied a certificate of appealability.

On December 28, 2011, McNeill filed a Motion for Relief from Judgment [DE-66] seeking reconsideration by this court of the December 13th unfavorable decision. McNeill reiterates that after his conviction he had attempted to hire counsel to file a § 2255 motion on his behalf, and did hire an attorney who made a thorough assessment and report of the potential merit of post-conviction relief. McNeill did not hire her to prosecute such a motion on his behalf, however, because he determined her fee was too high. Rather, he employed fellow

inmate, "Brother Bey," to prepare his post conviction motion. Brother Bey gave him bad advice that purportedly caused a McNeill to file an allegedly timely § 2255 motion in the district court located in the district in which he was incarcerated, which was the Southern District of Indiana in Terre Haute. Bey was wrong.

In support of the instant motion [DE-66], McNeill explains that after Brother Bey's transfer to another institution, McNeill associated fellow inmate Adamson to assist him, and that it was Adamson who advised McNeill that his § 2255 motion was filed in the wrong district court. Upon inquiry, McNeill discovered that the § 2255 motion he had signed and allegedly delivered to prison officials for mailing on May 23, 2011 (a month prior to expiration of the one-year limitations period), in fact had not been received *either* by the Indiana district court or this district court by transfer. *See* Affidavit of Marcus Antonio McNeill attached to Motion [DE-66]. Upon Adamson's advice, on or about November 27, 2011, McNeill re-delivered to prison officials for mailing another set of the § 2255 documents, addressed to this court and bearing the proper postage. *See id.* Those documents arrived here on December 5, 2011.

McNeill contends that, because he delivered the § 2255 documents to prison officials prior to expiration of the statute of limitations, the court should apply the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), and Rule 3(d), Rules Governing § 2255 Proceedings, to deem his motion timely. Rule 3(d) provides in pertinent part that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Under either authority, of course, the underlying rationale is that a *pro se* prisoner by virtue of his custody status cannot choose among delivery options such as hand-delivery versus mailing of a time-sensitive pleading. *See Houston*, 487 U.S. at 271. If, after delivering a pleading to the appropriate prison official,

2

> the prisoner suspects [a delay] is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access – the prison authorities – and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

*Id.* at 271-72.

The undersigned recognizes and acknowledges the availability of the Rule 3(d) "mailbox rule," but observes that, underlying the presumption allowed by the rule is the presumption that the envelope entrusted to prison officials with postage prepaid actually is *correctly addressed* to the *proper recipient*. In McNeill's case, his envelope unquestionably was not. He avers that he addressed his § 2255 motion to the Clerk of Court for the Southern District of Indiana, and further avers that the motion reportedly never was received by that office. Had it been received, the matter presumably could have been transferred to this court where venue is appropriate, and the "mailbox rule" applied to render the filing timely. In fact, according to McNeill's investigation and affidavit, the "timely" § 2255 motion addressed to the clerk in Terre Haute, Indiana, was never received by anyone.

While the court is fully cognizant of the degree of prejudice an unfavorable ruling has on McNeill, the risk of mistake under the circumstances he has described, remained on him. He chose for whatever reason to rely on the services of a jailhouse lawyer whose advice, although presumably well-intended, was incorrect. The courts are consistent in rejecting as grounds for equitable tolling a *pro se* prisoner's mistaken reliance on the advice or assistance of a "jailhouse lawyer." For example,

> [e]rrors by jailhouse lawyers do not warrant equitable tolling. While egregious misconduct by counsel may justify equitable tolling . . . , equitable tolling has never been extended to such misconduct by a jailhouse lawyer. It cannot be

3

deemed extraordinary that jailhouse lawyers might make errors in their representation of fellow inmates. *See Lemos v. Marshall*, 2008 WL 4410151, *4 (C.D. Cal. 2008) ("entrusting his transcripts to fellow inmates and thereby assuming the risk that the transcripts could be misplaced or lost was a matter entirely within petitioner's control"); *United States v. Cicero*, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (no equitable tolling for jailhouse lawyer non-performance). Petitioner is not entitled to tolling of the limitations period based upon his mistaken reliance on a jailhouse lawyer.

*Brissette v. Herndon*, No. CV 09-2321-SGL (MLG), 2009 WL 1437822 (C.D. Cal. May 21, 2009) *see also Gallegos v. Carey*, No. CIV S-04-2741 MCE GGH P, 2008 WL 4078731 (E.D. Calif. Aug. 29, 2008 ("As a matter of policy, the undersigned declines to extend *Spitsyn* [*v. Moore*, 345 F.3d 796 (9th Cir. 2003)] to encompass assistance from other inmates. If one were to do so, the entire AEDPA statute of limitations would be in jeopardy from equitable tolling. It is simply not extraordinary that jailhouse lawyers might give bad advice or work less diligently than they should.")) (Internal citation omitted).

While the court certainly is sympathetic to McNeill's predicament, the law simply does not allow for the relief he seeks. Accordingly, McNeill's Motion to Reconsider [DE-66] is DENIED, as is a certificate of appealability.

SO ORDERED.

This, the 3 day of January, 2012.

JAMES C. FOX
Senior United States District Judge

4